U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 MAR 31 PM 2: 33

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JHON ALEXANDER CASTRELLON  )
ARIAS,                     )
                           )
        Plaintiff,         )
                           )
    v.                     )        Case No. 2:25-cv- 773
                           )
JOSEPH B. EDLOW, in his official   )
capacity as Director of United States  )
Citizenship and Immigration Services,  )
                           )
        Defendant.         )

**ORDER ON MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO
TRANSFER
(Doc. 3)**

Plaintiff Jhon Alexander Castrellon Arias instituted this lawsuit under the Administrative

Procedure Act ("APA"), 5 U.S.C. § 500 et seq., on September 22, 2025, alleging unreasonable

delay by U.S. Citizenship and Immigration Services ("USCIS") in making a *bona fide*

determination ("BFD") on his application for U nonimmigrant status ("U visa").  (Doc. 1.)  Two

of USCIS's five service centers process U visas: the Vermont Service Center and the Nebraska

Service Center.  U.S. Citizenship & Immigr. Servs., *Service Center Forms Processing*,

https://www.uscis.gov/forms/all-forms/service-center-forms-processing, [https://perma.cc/

UHY3-GHC7].  Defendant has filed a motion to dismiss the Complaint for improper venue

under Fed. R. Civ. P. 12(b)(3), noting that Plaintiff's U visa is being proceed by the Nebraska

Service Center and, therefore, that his case has no connection to the District of Vermont.

(Doc 3.)  In the alternative, they seek transfer of the case to either Nebraska, where the U visa is

being processed, or Maryland, where USCIS is headquartered.  (*Id.*)  Plaintiff has filed a

response opposing the motion and requests that, if the court grants the motion, it transfer the case rather than dismissing the action.  (Doc. 4.)

In civil actions against a U.S. agency or the officer of such an agency, venue is generally proper in three places: the "judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).  The District of Vermont satisfies none of these prongs.  First, "a federal agency does not reside in a district merely by virtue of having an office in that district."  *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463 (S.D.N.Y. 2005) (citing *Schwarz v. IRS*, 998 F. Supp. 201, 202 (N.D.N.Y. 1998).  Rather, "venue with respect to a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed."  *Id.* at 464 (citing *Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266 n.3 (7th Cir. 1978)).  Defendant Edlow does not perform his official duties in Vermont.

No part of the events or omissions giving rise to this claim occurred in Vermont.  As he acknowledges, Petitioner's U visa application is being processed at the USCIS Service Center in Lincoln, Nebraska.  (Doc. 4-1.)  And, according to his complaint, Petitioner resides in Lewisville, Texas.  (Doc. 1 ¶ 1.)  Venue is not proper in Vermont.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005).  "When

determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the 'expeditious and orderly adjudication of cases and controversies on their merits.'" *United States ex rel. Donohue v. Carranza*, 585 F. Supp. 3d 383, 388 (S.D.N.Y. 2022) (quoting *Meserole St. Recycling, Inc. v. CSX Transp., Inc.*, No. 06-CV-4652, 2007 WL 2891424, at *4 (E.D.N.Y. Sept. 28, 2007) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962))). Courts may consider a variety of other issues as well, including "(1) whether the claim would be meritless 'in the court that has jurisdiction' . . . and (2) the Plaintiffs' diligence in choosing a proper forum." *Raymond Loubier Irrevocable Trust v. Loubier*, 765 F. App'x 560, 561 (2d Cir. 2019) (quoting *Daniel*, 428 F.3d at 436; then citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)).

In arguing for dismissal rather than transfer, Defendant quotes *Huddleston v. Bondi*, No. 25-cv-3002, 2025 WL 2097358, at *10 (D. Neb. July 25, 2025) for the proposition that "[b]oth Rule 12(b)(3) and § 1406(a) suggest that a case laying venue in the wrong district should be dismissed—at least absent other considerations." (Doc. 3 at 5 (quoting *Huddleston*, 2025 WL 2097358, at *10)). Here, other considerations warrant transfer. Plaintiff is a citizen and national of Venezuela who is proceeding pro se in this matter. He ultimately seeks a decision by USCIS that could allow him to work legally in this country and that would protect him from removal from the United States. Given the difficulty Plaintiff would likely experience in attempting to re-file in Nebraska, the human interests at stake in this case, and the general preference for resolving cases on their merits, transfer is in the interest of justice.

3

## Conclusion

The court GRANTS in part and DENIES in part Defendant's Motion to Dismiss or

Transfer. (Doc. 3.) The court ORDERS that this action be TRANSFERRED to the United

States District Court for the District of Nebraska, where venue is proper in this case.

Dated at Burlington, in the District of Vermont, this 31st day of March, 2026.

Geoffrey W. Crawford, Judge
United States District Court

4